(Superior Court of Cincinnati.)

Special Term, May, 1898.

## GALL v. DRAHMAN.

Where a plaintiff during the pendency of the suit becomes a non-resident of the state and liable to give security for costs, the security must be not only for those made after his removal, but for all the costs of the case.

---

The plaintiff in this case was a resident at the time the suit was brought, but after a large amount of costs had been made, he removed to Kentucky. The present motion raised the question whether an order requiring him to now give security for costs, on the ground of non-residence, should include security for costs made before he became a non-resident.

On motion for security for costs.
DEMPSEY, J.:
Motion granted; but plaintiff claims that security ought to apply only to future costs, and not to costs accrued. But

the statutes do not so read, and the court has no discretion in the matter. Sec. 5340 provides, that the surety shall be bound for all costs which may be taxed against the plaintiff in such action, whether he obtain judgment or not.

Sec. 4999 provides, that the next friend shall be liable for the costs of the action brought by him, and when a next friend is insolvent the court may require security therefor. Our construction is, that that means all of the costs of the action. Judge Smith informs me that his decision in Wolf v. Hauser & Kramer was to the same effect, and that the court has no discretion to order security for future costs alone. The security to be given herein must be for all of the costs of the action.

Healy & Brannan, for motion.
Cohen & Mack, contra.

---

(Superior Court of Cincinnati.)
General Term.